# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JEROME L. GRIMES, | |
| Petitioner, | Case No. 3:10-CV-00391-RCJ-(VPC) |
| vs. | **AMENDED ORDER** |
| FOURTH JUDICIAL DISTRICT COURT, et al., | |
| Respondents. | |

Petitioner has submitted a petition for a writ of habeas corpus. The court has reviewed it, the court finds that it must abstain from considering it, and the court will dismiss this action. See 28 U.S.C. § 2243.

Petitioner has been charged in the Fourth Judicial District Court of the State of Nevada with theft of property valued $2,500 or more, theft of property valued $250 or more, and being a habitual criminal. Petitioner has been released on bail, and he is awaiting trial.

Petitioner presents four claims. In two of them, he alleges that his Fourth Amendment rights to be free from unreasonable search and seizure are violated. In the other two grounds, he alleges that his Sixth Amendment rights to self-representation and to a speedy trial are violated.

Federal courts should abstain from intervening in pending state criminal proceedings unless there are the extraordinary circumstances of a great and immediate danger of irreparable harm. Younger v. Harris, 401 U.S. 37, 45- 46 (1971); see also Ex Parte Royall, 117 U.S. 241, 251 (1886). A court "must abstain under Younger if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred

1  from litigating federal constitutional issues in the state proceeding; and (4) the federal court action
2  would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state
3  proceeding in a way that Younger disapproves.  San Jose Silicon Valley Chamber of Commerce
4  Political Action Committee v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).  First, criminal
5  proceedings are ongoing in state court.  Second, prosecution of crimes is an important state interest.
6  See Kelly v. Robinson, 479 U.S. 36, 49 (1986); Rose v. Mitchell, 443 U.S. 545, 585 (1979); Younger,
7  401 U.S. at 43-44.  Third, petitioner may raise his constitutional claims in state court, in motions before
8  the trial court, on appeal, or in a post-conviction habeas corpus petition.  Fourth, if this court granted
9  petitioner relief, it would result in the termination of his state-court criminal action, which is an action
10 that Younger disapproves.  Because all four requirements are met, this court must abstain from
11 considering the petition.

12        Reasonable jurists would not find this conclusion to be debatable or wrong, and the court
13 will not issue a certificate of appealability.

14        IT IS THEREFORE ORDERED that this action is **DISMISSED** without prejudice. The
15 clerk of the court shall enter judgment accordingly.

16        IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

17        Dated: This 20th day of October, 2010.

_____
ROBERT C. JONES
United States District Judge